IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID M. SHIPP          *

   *Plaintiff*,

                                *

                                 Case No. 8:22-cv-01295-JRR

   v.              *

XAVIER BECEARRA, *et al.*,   *

   *Defendants*.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>[1]**

This matter comes before the court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Motion") at ECF No. 22, as well as Defendants' requests for extensions of time to respond to the complaint (ECF Nos. 16, 20), and Plaintiffs' various objections, requests for sanctions, and requests to amend at ECF Nos. 17, 19, and 21. The court has reviewed the parties' submissions and no hearing is necessary. Local Rule 105.6 (D. Md. 2021).

Preliminarily the court shall deny as moot Defendants' requests for extensions of time (ECF Nos. 16, 20) to respond to the Complaint (ECF Nos. 1, 5), and declines to sanction Defendants, as requested by Plaintiff, for filing their Motion on January 23, 2023. Plaintiff fails to articulate any prejudice and the court discerns none. Further, the court declines – wholesale – to sanction Defendants as requested by Plaintiff throughout this action and through multiple

---

[1] This action was transferred to the undersigned on February 22, 2023, to serve as the district judge in this action for all purposes.

filings, including those at ECF Nos. 17, 19, 20.  Plaintiff fails to set forth any articulable, plausible or comprehensible basis for the court to exercise its discretion to sanction Defendants, and, therefore, declines to do so.  Further, while the court is always mindful the court papers filed by self-represented parties – as Plaintiff is here – are held to a less rigorous standard than those drafted by attorneys, Plaintiff's filings in this action are in gross violation of the court rules as to page limits and formatting, and are largely impossible, or nearly impossible, to navigate or comprehend due to the manner and presentation of Plaintiff's written filings.

**LEGAL STANDARDS**

**Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint.  It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live*

*Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 21-cv-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

**Federal Rule of Civil Procedure 12(d)**

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). That notwithstanding, "under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, 'the motion must be treated as one for summary judgment under Rule 56,' but '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Pevia v. Hogan,* 443 F. Supp. 3d 612, 626 (D. Md. 2020) (quoting Fed. R. Civ. P. 12(d)) (citations omitted). "[W]hen the movant expressly captions its motion 'in the alternative' as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court 'does not have an obligation to notify parties of the obvious.'" *Pevia,* 443 F. Supp. 3d at 626 (quoting *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998))

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2011 Supp.). Within

this context, a district judge must exercise her discretion "with great caution and attention to the parties' procedural rights." *Id.* at 149. Courts must determine whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is needed. *Id.* at 165, 167. "Ordinarily, summary judgment is inappropriate 'where the parties have not had an opportunity for reasonable discovery.'" *Pevia,* 443 F. Supp. 3d at 626 (quoting *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012)). "However, 'the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Id.* quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)).

**<u>Federal Rule of Civil Procedure 56</u>**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. 7*

4

*Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).  This court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

In undertaking this inquiry, this court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).  This court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Adin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage).  Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility.  *Tolan v. Cotton*, 134 S. Ct. 1861, 1866-68 (2014).

## BACKGROUND AND ANALYSIS

### Plaintiff's Employment and Previous Litigation/Claims

The court understands Plaintiff Shipp to sue Defendants for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq*.) pertaining to his former employment at the United States Department of Health and Human Services ("HHS").  Specifically, Plaintiff contends that, in 2006, HHS terminated his employment with the Food and Drug Administration ("FDA") for racially discriminatory reasons.  Plaintiff has pursued litigation against HHS pertaining to his employment termination (and subsequent applications for reemployment) in multiple judicial and administrative theaters, all of which are a matter of public record and

therefore subject to the court's judicial notice.  (*See* Motion at pp. 2-8 and related exhibits.) Plaintiff has not prevailed in any of his actions.

### Failure to State a Claim against Defendants Barron and Garland

Pursuant to Rule 12(b)(6), Plaintiff fails to state cognizable claims against Defendants Erek Barron and Merrick Garland, as neither of them is (or was) the head of the federal department, agency, or unit that employed Plaintiff.  42 U.S.C. § 2000e–16(c); *Puryear v. Shrader,* Case No. 8:11-cv-036402013 WL 1833262 (D. Md. Apr. 30, 2013).  Therefore, Defendant Becerra is the only proper Defendant.

### Claims Against Defendant Becerra:
### Conversion of the Motion to a Motion for Summary Judgment

Over many years, Plaintiff has made full use of his access to both judicial and administrative tribunals and processes to challenge his separation from employment with the FDA. Plaintiff attaches no Rule 56(d) affidavit, or the equivalent, stating that facts are unavailable to him to justify his opposition to the Motion, and does not appear to take the position that time is needed for discovery, or that discovery would likely generate a material dispute of fact or triable issue. The court concludes that conversion of the Motion to one for summary judgment despite the fact that the parties have not engaged in discovery is appropriate in this case.

It is undisputed that Plaintiff, in exchange for $10,000, entered a settlement agreement on July 16, 2007, related to the termination of his FDA employment (Motion at Exhibit A), which provides in relevant part that: 1) payment of $10,000 was consideration for Plaintiff's "release of all pending or potential claims . . . arising from his [FDA] employment;" and 2) Plaintiff "releases and forever discharges HHS and its officers form any and all claims, actions, causes of action, rights, and/or remedies from any matter arising from his employment with the FDA or HHS . . . . The Agency may reference this settlement agreement if Mr. Shipp . . . seeks to pursue other actions

against the Agency arising from his employment." (Motion at Exhibit A, Settlement Agreement ¶ 6.)

As a result of the Settlement Agreement, Plaintiff's action is barred by the doctrine of accord and satisfaction, which is to say that the claim or claims that Plaintiff seeks to pursue here have been fully and finally discharged by acceptance of the $10,000 settlement payment. *O'Connor v. United States,* 308 F.3d 1233 (Fed. Cir. 2002); *Piver v. Pender Cnty. Bd. Of Educ.,* 835 F.2d 1076, 1083 n.3 (4th Cir. 1987).[2]

Defendant Becerra has met his burden under Rule 56 to demonstrate that there is no dispute of material fact and that he is entitled to judgment as a matter of law. FED. R. CIV. P. 56.

**Requests to "Amend"**

Peppered throughout Plaintiff's mountainous court filings are various requests to "amend." (*See, e.g.,* ECF Nos. 17, 19, and 21.) The court is ever mindful of Rule 15's instruction that leave to amend should be freely granted where justice requires. FED. R. CIV. P. 15. To the extent Plaintiff wishes to amend his Complaint, his request is denied on grounds of futility. No additional factual allegations, legal theories, or vehicles of recovery will resuscitate the Complaint.

## CONCLUSION

For the reasons set forth herein, the Motion shall be granted by separate order.

/S/

_____
Julie R. Rubin
United States District Judge

---

[2] The Settlement Agreement is clear and unambiguous, and covers precisely the subject matter of Plaintiff's instant Complaint. Plaintiff raises no concern or challenge as to its authenticity or the legal competence or capacity of any signatory to the settlement agreement to bind the parties thereto; nor does Plaintiff challenge receipt of the consideration recited therein. Therefore, the court finds that all four elements of accord and satisfaction are satisfied. *O'Connor*, 308 F.3d at 1240 (explaining that accord and satisfaction requires four elements: (1) proper subject matter; (2) competent parties; (3) a meeting of the minds of the parties; and (4) consideration.)